**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MSTM, LLC and M&M MASS SPEC CONSULTING, LLC,<br><br>Plaintiffs,<br>v.<br><br>WATERS CORPORATION,<br><br>Defendant. | Civ. No.: 4:23-cv-40027-MRG |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL [ECF No. 94].**

**GUZMAN, J.**

MSTM, LLC ("MSTM") and M&M Mass Spec Consulting, LLC (M&M) (collectively "Plaintiffs") bring this patent infringement and breach of contract action against Waters Corporation ("Waters" or "Defendant").

Before the Court is Plaintiffs' pending Motion to Compel, requesting the Court to compel Defendant to provide information regarding foreign sales data for the Accused Products in this suit. [See Pls.' MTC Mem., ECF No. 94-1].[1] A hearing was held on this discovery issue on March 18, 2026. [ECF No. 118]. Given that the Second Amended Complaint is now operative, the Court reviews the pending Motion to Compel within its framework. [2]

---

[1] Plaintiffs seek information related to "foreign sales (including units, revenue, costs, profits, and marketing) relating to the Accused Products . . . [and] foreign sales generated from products or components sold and services associated with the Accused Products (including units, revenue, costs, profits, and contracts), including service, repair and maintenance for the Accused Products." [Pls.' MTC Mem. at 6].

[2] Plaintiffs initially filed their Motion to Compel prior to filing the Second Amended Complaint. During the Motion Hearing in March 2026, there was robust discussion as to issues of discovery regarding unpled 35 U.S.C. § 271(f) ("Section 271(f)") claims and Waters' products. It is the Court's perspective that filing the Second Amended Complaint, which includes Section 271(f) claims and additional Accused Products, cures the Court's initial hesitation as to these issues. The Court notes that there is a motion to

For the reasons stated below, Plaintiffs' Motion to Compel is **GRANTED.**[3]

**A. Procedural History**

On September 30, 2024, the Court entered an electronic order which denied the Motion to Dismiss the First Amended Complaint. [ECF No. 66].[4] The parties have subsequently engaged in discovery for the pending causes of action. In December 2025, after proper conferences and communication between the parties, Plaintiffs filed a Motion to Compel on issues involving Waters' responses to the first set of document requests. [ECF No. 94]. Waters opposed the Motion to Compel and the parties filed replies and sur-replies on the issue. [ECF Nos. 105–106, 109–110, 112]. Simultaneously, the parties filed their briefings for the approaching Markman Hearing. [ECF Nos. 101–104]. The Court held a hearing for the Motion to Compel on March 18, 2026. [ECF No. 118].

During the hearing and in their pleadings, Plaintiffs indicated that they intended to file a Second Amended Complaint, given that there were additional products and allegations presented during the discovery process which were pertinent to Plaintiffs' claims. In April 2026, Plaintiffs filed an unopposed motion to amend their Complaint, [ECF Nos. 125, 132]; Defendant filed an Amended Answer asserting twenty-three (23) counterclaims, [ECF No. 128]; and the Court held one technology tutorial and two days of a "claim construction" or Markman Hearing, [ECF Nos. 122, 129, 133]. In May, Defendant filed its

---

dismiss pending before it, in which Defendant challenges the new cause of action under Section 271(f). The decision will be released in short order, however, the Court's determination as to Section 271(f) does not impact the Court's determination on whether this information is discoverable in this matter.

[3] The Court notes the similarity between the filings in this case and the concurrent action, MSTM, LLC et al v. AB Sciex, LLC, 1:23-cv-1121-MRG. The parties present similar arguments in both cases and, consequently, the Court's orders between these cases are substantially similar.

[4] The Court subsequently filed a memorandum of law explaining its reasoning as to the Motion to Dismiss denial. [See ECF No. 177].

Motion to Dismiss, and the parties engaged in subsequent opposition and reply briefing. [ECF Nos. 136–39, 145–46].

## II. LEGAL STANDARDS

### A. Motion to Compel Standard

Federal Rule of Civil Procedure 26(b)(1) governs discovery practices, instructing that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The objecting party bears the burden of establishing a lack of relevancy or some other basis for resisting production. FED. R. CIV. P. 34(a)(1).

A party may serve on any other party a request for production within the scope of Rule 26(b). FED. R. CIV. P. 34(a). The party moving to compel discovery bears the burden of showing the relevance of the information sought. DMO Norwood LLC v. Kia Am., Inc., 691 F. Supp 3d 252, 256–57 (D. Mass. 2023). Once that party makes such a showing, the burden shifts to the nonmoving party to show that the request is improper. Id.

Relevance for purposes of discovery is construed broadly, but it is not without limits. Bonner v. Triple S Mgmt. Corp., 68 F.4th 677, 684 (1st Cir. 2023) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). The determination of what is relevant for discovery purposes depends on the parties' claims and defenses; however, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Virtek Vision Int'l Inc. v. Assembly Guidance Sys., Inc., 344 F.R.D. 141, 144 (D. Mass. 2023) (citing FED. R. CIV. P. 26(b)(1)). Information sought by the parties during this stage in litigation must not only be relevant to the claims and defenses in the case but also must be proportional, or "reasonably calculated to lead to the discovery of admissible evidence." Bonner, 68 F.4th at 685 (quoting

Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 52 (1st Cir. 2009)). A party may serve on any other party a request for production within the scope of Rule 26(b). FED. R. CIV. P. 34(a).

## III. DISCUSSION

### A. Motion to Compel Interrogatories (Request Nos. 112–15, 117–28, 135–42)

Plaintiffs assert that the discovery sought in Interrogatory Requests Nos. 112–15, 117–28, and 135–42 is directly relevant to their core claims. Specifically, this information supports their infringement claims under 35 U.S.C. §§ 271(a)–(c) and (f), their damages calculations under § 284, their theories of validity and commercial success, and their claim against Waters for breach of the implied covenant of good faith and fair dealing. [See Pls.' MTC Mem.].

Defendant claims that discovery as to foreign sales is improper because Plaintiffs have not proven an act of domestic infringement under Section 271(a), and without that domestic act, expanding discovery founded on commercial success is disproportional to the case. [See Def.'s MTC Opp. Mem. at 17–19, 21–23, ECF No. 105]. In response, Plaintiffs allege that Waters manufacturers the Accused Products in the United States, including both completed devices and manufacturing components, which are then sold abroad. The allegation in part, is that Waters' domestic acts of infringement are the proximate cause of foreign sales, and that the marketing to global customers—including at the annual domestic conference for the American Society for Mass Spectrometry, is sufficient to show that domestic acts of infringement occur. [Pls.' MTC Mem. at 18–20]. In support of these claims, Plaintiffs extensively allege the specific Waters' products which have been showcased, marketed, or serviced globally. [Id.] However, *proof* of domestic infringement, although necessary at a later stage, is not the standard at a motion to compel. At this juncture, a party may obtain discovery so long as it is relevant to a claim or defense, and proportional to the case. FED. R. CIV. P. 26(b)(1). For the following reasons, the Court is persuaded that this foreign sales information is relevant.

First, the Supreme Court in WesternGeco LLC v. ION Geophysical Corp. held that patentees may recover for foreign injuries that are proximately caused by domestic acts of infringement. 585 U.S. 407, 417 (2018) ("Taken together, § 271(f)(2) and § 284 allow the patent owner to recover for lost foreign profits . . . we hold today, it can include lost foreign profits when the patent owner proves infringement under § 271(f)(2)."). The Federal Circuit's subsequent decision in Brumfield v. IBG, LLC opened an additional avenue of damages for foreign activities resulting from certain types of domestic activities, in part, holding that a patentee may recover reasonable royalty damages based on foreign sales. 97 F.4th 854, 875–77 (Fed. Cir. 2024). Since this decision, federal courts have permitted analyses of an accused infringer's worldwide sales to assess a reasonably royalty for damages. See 10X Genomics, Inc. v. Vizgen, Inc., No. 22-cv-595-MFK, 2025 WL 26734, at *11 (D. Del. Jan. 3, 2025); IPA Techs., Inc. v. Microsoft Corp., No. 18-1-RGA, 2024 U.S. Dist. LEXIS 80212, at *2–6 (D. Del. May 2, 2024); DivX, LLC v. Amazon.com, Inc., No. 1:24-cv-2061-MSN-LRV, 2026 U.S. Dist. LEXIS 99529, at *40–42 (E.D. Va. May 4, 2026). Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence, and a patentee is generally entitled to a reasonable royalty on sales by a party who infringes the patent; therefore, information reasonably calculated to lead to evidence supporting such a royalty will meet the standards of Rule 26(b)(1). See Brumfield, 87 F.4th at 875 ("[T]he WesternGeco framework applies to a reasonable-royalty award, not just a lost-profits award under § 284. . ."); Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); Chr. Hansen HMO GMBH v. Glycosyn LLC, 22-cv-11090-NMG, 2025 WL 2176954, at *3 (D. Mass. March 31, 2025). Revenue and profits derived from components sold or services provided with the Accused Products are discoverable and may be included in the calculation of patent infringement damages, as they serve as evidence supporting a reasonable royalty. See Abiomed, Inc. v. Maquet Cardiovascular LLC, No. CV 16-10914, 2019 WL

13089050, at *1 (D. Mass. June 21, 2019) (determining that worldwide sales are relevant and discoverable for damages under Section 271).

Additionally, from the outset of this matter, Plaintiffs have accused Waters of deliberately shipping ASAP Probes to foreign subsidiaries for resale abroad specifically to avoid royalty payments to M&M, in breach of the parties' contract and in violation of good faith and fair dealing. [See First Am. Compl., ¶¶ 130–198, ECF No. 26]. Therefore, the issue of foreign sales data has been, and continues to be, a central theme of the Plaintiffs' case-in-chief.

Second, not only is the revenue generated from component sales and services associated with the Accused Products relevant to Plaintiffs' potential damages resulting from the alleged patent infringement, but also to Plaintiffs' theories of commercial success and non-obviousness. Waters answered the Second Amended Complaint with twenty-three counterclaims and fifteen affirmative defenses. [See ECF No. 128 at 28–143]. Those defenses include a claim under 35 U.S.C. § 103, contending that Plaintiffs' asserted patents are invalid, in part, as being obvious. [Id. at 36]. "A showing of commercial success of a claimed invention, wherever such success occurs, is relevant in resolving the issue of non-obviousness." Intex Recreation Corp. v. Bestway USA Inc., No. LA CV16-3300 JAK, 2021 WL 6618494, *6 (C.D. CA Nov. 10, 2021) (quoting Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co., 730 F.2d 1452, 1461 (Fed. Cir. 1984)). Therefore, discovery into foreign sales for manufactured devices, and their components, are relevant to a main theory in Plaintiffs' case, their claims of patent infringement, and to the affirmative defenses to which they must address.

The Court will abstain for now from determining whether Plaintiffs can prove domestic acts of infringement that led to these foreign sales. Plaintiffs have made sufficient showing of relevancy to their claims and defenses, and do not need to prove these claims to be entitled to discovery. The Court agrees

with Plaintiffs that, for discovery purposes, worldwide sales information is relevant for their claims under Section 271(a)–(c), (f) and defenses in this case.

Furthermore, the Court deems the requests to be proportional to this case. Plaintiffs are not requesting a far-reaching expedition based on speculative theories; rather, they have made specific factual allegations and have requested specific discovery as it is reasonably targeted exclusively to the Accused Products.

That being said, Defendant's arguments as to whether Plaintiffs can prove domestic infringement, given the manufacturing process of Waters' subsidiaries, is compelling. Defendant may introduce arguments as to the admissibility of this evidence, if applicable, at a later posture.

The motion to compel is therefore **GRANTED.**

### A. Costs

The parties will bear their own costs as to the Motion to Compel. Sanctions are not appropriate when "the opposing party's nondisclosure, response, or objection was substantially justified." FED. R. CIV. P. 37(A)(5).

## IV. CONCLUSION

For the reasons stated above, the Motion to Compel, ECF No. 94, is **GRANTED.**

**SO ORDERED.**

Dated: September 28, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge